FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN EVANS,<br><br>                            Plaintiff,<br><br>        v.<br><br>ANDAZ WAILEA RESORT & SPA,<br>HYATT HOTELS CORPORATION,<br>CHRISTINA FRY, and DOES 1-10,<br><br>                            Defendants. | No.  1:24-CV-3119-MKD<br><br>ORDER DENYING MOTION TO<br>APPOINT COUNSEL AND DIRECT<br>SERVICE<br><br>**ECF No. 3** |

Before the Court is Plaintiff's motion seeking appointment of counsel and service of the Complaint by the United States Marshal.  ECF No. 3.  For the following reasons, the motion is denied.

**APPOINTMENT OF COUNSEL**

The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right."  *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965).  The Court may appoint counsel for indigent civil litigants under "exceptional circumstances," pursuant to 28 U.S.C. § 1915(e)(1).  Exceptional

ORDER - 1

circumstances exist when a pro se plaintiff establishes (1) a likelihood of success on the merits and (2) that the complexity of the legal issues involved would impede the pro se litigant's ability to present the case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff has not asserted an inability to afford hiring counsel to represent him in this matter. Instead, Plaintiff's ability to pay the filing fee in this case, rather than applying to proceed *in forma pauperis*, suggests Plaintiff is not sufficiently indigent to warrant appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). The Court thus declines to appoint counsel.

## DIRECTING SERVICE BY THE UNITED STATES MARSHAL

"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The Court is only required to order such service "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." *Id*. In all cases, however, "[P]laintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." Fed. R. Civ. P. 4(c) advisory committee's note to 1983 amendment. "[C]ourt orders directing service by marshal should not be issued unless they really are necessary. In short, the aim is to encourage use of methods that do not involve marshals." *Id*.

ORDER - 2

Because Plaintiff is not proceeding *in forma pauperis*, the Court is not obligated to direct service. Fed. R. Civ. P. 4(c)(3). Further, Plaintiff has not shown that he has tried to serve Defendants through other means, Plaintiff has not met his burden of demonstrating that such an order is "necessary." *See, e.g., Hollywood v. Carrows California Fam. Restaurants*, 2018 WL 7461690, at *1-2 (C.D. Cal. Apr. 26, 2018) (denying motion under Rule 4(c)(3) because the "bare requests do not indicate what steps plaintiff … has taken to effect service of process before seeking the assistance of the U.S. Marshal's Service, nor do they explain why such assistance is warranted" and noting "plaintiff does not explain why an attempt at service under Rule 4(d) – something he readily could undertake at a minimal cost and with little effort – could not be accomplished"). The Court thus declines to direct service pursuant to Rule 4(c)(3).

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion, **ECF No. 3**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to Plaintiff.

DATED August 20, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3