BRIAN EVANS
1250 Fruit Valley Ln.
White Salmon, WA 98672

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN EVANS,<br><br>        Plaintiff,<br><br>vs.<br><br>ANDAZ WAILEA RESORT & SPA, ET AL,<br><br>        Defendants | Case No.: 1:24-CV-3119-MKD<br><br>MOTION FOR RECONSIDERATION FOR ORDER DENYING MOTION TO APPOINT COUNSEL |

Plaintiff, Brian Evans, respectfully requests that this Honorable Court Reconsider the August 20th, 2024 Order Denying Plaintiff's Motion to Appoint Counsel.

Effective January 1, 2021, the Court adopted the Amended Plan of the United States District Court for the Western District of Washington for the Representation of Pro Se Litigants in Civil Rights Actions. As this Court is aware, the Plaintiff's Second Claim of his lawsuit is for Sexual Discrimination As A Violation of Title VII Of The Civil Rights Act. This falls within the requirements to appoint counsel.

MOTION FOR RECONSIDERATION FOR ORDER DENYING MOTION TO APPOINT COUNSEL - 1

Scanned with CamScanner

While it is true that the Plaintiff filed his own filings fee and did not seek indigent status, that does not have to be a reason to deny the original Motion to Appoint Counsel and to have the Defendants Served by Marshall's. The Plaintiff may not be indigent, but the Plaintiff cannot afford hundreds of thousands of dollars in legal fees either. A person's individual Rights is what matters more, and the evidence will confirm that a violation of those Rights occurred in this case.

In Your Honor's Order, Your Honor states "Exceptional circumstances exist when a pro se Plaintiff establishes (I) a likelihood of success on the merits and (2) that the complexity of the legal issues involved would impede the pro se litigant's ability to present the case." Your Honor then cites Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The Plaintiff believes that there is a likelihood that he will prevail, has a witness, and as is all litigation is, the complexity of the legal issues involved could impede this Pro Se litigants ability to present his case. As the Court adopted the Amended Plan of the United States District Court for the Western District of Washington for the Representation of Pro Se Litigants in Civil Rights Actions, Plaintiff prays this Court will do the same. The question before Your Honor is, must I become indigent to obtain justice? Or, should I allow Defendants such as these to Discriminate against me and let them get away with it because Plaintiff has bills to pay to live. As the Court is aware, my Complaint is to be deemed true.

MOTION FOR RECONSIDERATION FOR ORDER DENYING MOTION TO APPOINT COUNSEL - 2

Scanned with CamScanner

The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). Therefore, when considering Plaintiff's Motion and the likelihood of success on the merits, this should be taken into consideration when determining the likelihood of success. The complexity of a Civil Rights claim speaks for itself, especially when you are a Pro Se litigant. The Plaintiff isn't rich but has enough to pay his bills. Must the Plaintiff sacrifice his ability to pay his bills to become indigent and then qualify for the appointment of a complex Civil Rights claim in order to stand up for his Rights.

Therefore, in the Interests of Justice and so that the Plaintiff doesn't have to become indigent in order to have the Court appoint a civil attorney to represent him, Plaintiff prays this Honorable Court will reconsider the Order Denying Plaintiff's Request. The Plaintiff can afford to serve the Defendants, but again, the Plaintiff is paying his bills. Following the Maui Wildfires, the Plaintiff lost everything in terms of what he did for a living and had to move due to inflated rents during a catastrophic event. To build back up a life that Plaintiff could afford should not have the consequence of not being able to stand up for himself.

MOTION FOR RECONSIDERATION FOR ORDER DENYING MOTION TO APPOINT COUNSEL - 3

Scanned with CamScanner

## CONCLUSION

Plaintiff prays Your Honor will Reconsider the denial of his Motion to Appoint Counsel and Grant the Motion.

Dated this August 22, 2024

BRIAN EVANS, PRO SE

MOTION FOR RECONSIDERATION FOR ORDER DENYING MOTION TO APPOINT COUNSEL - 4

Scanned with CamScanner