Karl Neumann, WSBA No. 48078
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000
Facsimile: 206.455.8235
kneumann@cozen.com

*Attorneys for Defendants*
*Hyatt Corporation, Christina Fry,*
*and Andaz Maui at Wailea Resort*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON AT YAKIMA

| | |
|---|---|
| BRIAN EVANS, a Washington resident, | No. 1:24-cv-03119-MKD |
| Plaintiff, | **DEFENDANTS HYATT CORPORATION, CHRISTINA FRY, AND ANDAZ MAUI AT WAILEA RESORT'S MOTION TO DISMISS** |
| v. | |
| HYATT CORPORATION, a Foreign Corporation, CHRISTINA FRY, individually and in her official capacity as manager and/or employee of Andaz Maui at Wailea Resort and Spa, a Foreign individual, and ANDAZ MAUI AT WAILEA RESORT, | **11/15/2024** **Without Oral Argument** |
| Defendants. | |

## I.    RELIEF REQUESTED

Defendants Hyatt Corporation ("Hyatt"), Christina Fry, and Andaz Maui at Wailea Resort ("Andaz") (collectively, "Defendants") respectfully request that Plaintiff Brian Evans' ("Plaintiff") Amended Complaint be dismissed with prejudice. First, Defendant Andaz is not a legal entity capable of being sued.

DEFENDANTS' MOTION TO DISMISS - 1
[CASE NO. 1:24-CV-03119-MKD]

72812969\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Second, Plaintiff fails to establish a basis for this Court to exercise personal jurisdiction over Defendants regarding an alleged incident that occurred in *Hawaii*. Third, Plaintiff fails to state any claim upon which relief can be granted. Finally, venue in the Eastern District of Washington is improper.

## II.     FACTS

The facts provided below are Plaintiff's allegations. Defendants do not admit the allegations and reserve all defenses regarding the same. Plaintiff's claims arise from alleged comments about Plaintiff's sexual orientation made to a third-party while he was visiting the Andaz. *See* Dkt. 18, Pl.'s Am. Compl. ¶ 3. Specifically, Plaintiff alleges that after a dinner at the Andaz, an Andaz employee made remarks to Plaintiff's friend about Plaintiff being gay. *Id.* Plaintiff claims that those comments made to his friend caused him to suffer embarrassment, emotional distress, and lose a business opportunity. *Id.* at ¶ 6. The Andaz is located in Maui, Hawaii. *Id.* ¶ 2. All of the conduct alleged in Plaintiff's Amended Complaint occurred within Hawaii. *Id.* ¶¶ 1–6.

## III.     STATEMENT OF ISSUES

1.     Should Plaintiff's Amended Complaint be dismissed with prejudice for (i) filing suit against an entity incapable of being sued, (ii) failing to establish personal jurisdiction, (iii) failing to state a claim upon which relief can be granted and (iv) filing suit in an improper venue? Yes.

DEFENDANTS' MOTION TO DISMISS - 2
[CASE NO. 1:24-CV-03119-MKD]

72812969\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

### IV. LEGAL AUTHORITIES AND ARGUMENT

#### A. The Andaz is Not an Entity Capable of Being Sued.

The Andaz should be dismissed as it is not an entity capable of being sued. It is well-established that trade names are not legal entities that may engage in judicial conduct. *Risinger Holdings, LLC v. Sentinel Ins. Co., Ltd.*, 565 F. Supp. 3d 844, 851–52 (E.D. Tex. 2021) (noting a "non-entity [trade name] is incapable of engaging in judicially cognizable conduct, so any complaints about it are a legal nullity") (citations omitted). Here, Plaintiff acknowledges that the Andaz is operated by Hyatt. *See* Dkt. 18, Pl.'s Am. Compl. ¶ 1. Specifically, the "Andaz Maui at Wailea Resort" is a trade name for Hyatt Corporation. Urbanski Decl. ¶ 11[1]; *see also* State of Hawaii Business Registration Division, accessed at https://hbe.ehawaii.gov/documents/trade.html?fileNumber=4366F1&certificate=4241401. Accordingly, the Andaz is not an appropriate defendant and must be dismissed with prejudice. *Rodenhurst v. Bank of America*, No. 10–00167 LEK–BMK, 2011 WL 4625696, at *6 (D. Haw. 2011) (dismissing trade name with prejudice because it was "not a legal entity that is capable of being sued"); *Thomas v. Cannon*, Nos. 3:15-05346, BJR3:16-cv-05392, 2017 WL 2402791, at *4 (W.D. Wash. 2017).

---

[1] The Court may consider Defendants' declarations concerning jurisdiction on a motion to dismiss. *See A.B. v. Extended Stay America, Inc.*, 2023 WL 5951390, at *3 (W.D. Wash. 2023).

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

**B.** **This Court Lacks Personal Jurisdiction Over All Defendants.**

**1.** **Personal Jurisdiction Legal Standard.**

Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). When a defendant invokes Fed. R. Civ. P. 12(b)(2) in a motion to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie showing of personal jurisdiction. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir. 2003). To determine whether the federal court has jurisdiction over a defendant, it applies the law of the state in which it sits, as long as that law is consistent with federal due process. *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014).[2]

**2.** **Plaintiff Cannot Establish General Jurisdiction.**

General jurisdiction permits a court to consider claims against a person or corporation for any conduct, including conduct which occurred outside the forum

---

[2] Due process is satisfied when subjecting the entity to the court's power does not "offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[T]raditional notions of fair play and substantial justice" require that a defendant have minimum contacts with the forum state. *Int'l Shoe*, 326 U.S. at 316. Those contacts can result in either general or specific personal jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

DEFENDANTS' MOTION TO DISMISS - 4
[CASE NO. 1:24-CV-03119-MKD]

72812969\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

state.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *Daimler*, 571 U.S. at 126–27.  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as home."  *Daimler*, 571 U.S. at 137.  A corporation is considered at "home" where it is incorporated or where it has its principal place of business.  *Id*.  Only in rare, "exceptional case[s]" may a corporation's operations "be so substantial and of such a nature as to render the corporation at home in [another] State."  *Id.* at n.19.  The "general jurisdiction analysis looks at a company's operations *in their entirety* to determine where they may be considered at home."  *Extended Stay Am. Inc.*, 2023 WL 5951390, at *3 (emphasis added).  Indeed, "a corporation that operates in many places can scarcely be deemed at home in all of them."  *Id.*

### a) <u>Hyatt Corporation and the Andaz.</u>

The Hyatt Corporation is incorporated in Delaware with its principle place of business in Illinois.  Urbanski Decl. ¶ 5; dkt. 18, ¶ 2, p.6.[3]  Plaintiff has not and cannot demonstrate that this matter presents an "exceptional" case where Washington State would be considered Hyatt's home for jurisdictional purposes.  There are no allegations that would permit this finding.  Further, Hyatt operates

[3] Plaintiff misnumbers certain allegations in his Amended Complaint.  Defendants cite to Plaintiff's paragraph and pages where necessary for clarification.

DEFENDANTS' MOTION TO DISMISS - 5
[CASE NO. 1:24-CV-03119-MKD]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

72812969\3

approximately 103 hotels throughout the United States, with only 5 located in Washington. Urbanski Decl. ¶ 6. And only approximately 669 of Hyatt Corporation's 38,092 employees are located in Washington. *Id.* ¶ 7. Further, the Andaz does not have employees or other properties in Washington. *Id.* ¶ 11. Hyatt Corporation and the Andaz do not have any bank accounts in Washington. *Id.* ¶¶ 8, 13. No revenue or fees generated by the Andaz reach Hyatt Corporation by passing through Washington. *Id.* ¶ 12. Simply put, Hyatt Corporation, or its trade name the Andaz, cannot be deemed "at home" in Washington. Federal courts within the Ninth Circuit and others regularly dismiss cases against defendant hotel corporations under similar circumstances for lack of general jurisdiction. *See, e.g.*, *A.B. v. Hilton Worldwide Holdings, Inc.*, 484 F.Supp.3d 921, 932 (D. Or. 2020) (finding lack of jurisdiction over defendant Choice Hotels where less than five percent of the defendant's properties were located in the forum state); *J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1069–70 (D. Colo. 2021) (finding Best Western operating 36 hotels in Colorado did not satisfy general jurisdiction); *A.B. v. Extended Stay America, Inc.*, No. 3:22-cv-05939-DGE, 2023 WL 5951390, at *3 (W.D. Wash. 2023). Plaintiff has failed to satisfy the high threshold required for general jurisdiction against Hyatt and the Andaz.

### b) Christina Fry.

Personal jurisdiction over employees or officers of a corporation in their individual capacities, like Ms. Fry, must be based on their *personal* contacts with

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

the forum state – not acts carried out in a representative capacity. *Kransco Manuf., Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981). Ms. Fry is not a Washington resident and has no contacts with the State of Washington. Fry Decl. ¶¶ 5–9. Plaintiff concedes that Ms. Fry does not reside in Washington as he attempted service of process on her in her current home state of California. *Id.* Moreover, Plaintiff makes no allegations that Ms. Fry has any relationship with Washington. That is because he cannot, as Ms. Fry has never visited Washington. *Id.* ¶ 9. Accordingly, this Court also lacks general jurisdiction over Ms. Fry.

### 3. Plaintiff Cannot Establish Specific Jurisdiction.

Specific jurisdiction permits a district court to exercise jurisdiction over a nonresident defendant for conduct that "create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Ninth Circuit employs a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific jurisdiction: (1) the non-resident defendant must purposefully direct its activities to the forum or purposefully avail itself of the privilege of conducting activities in the forum; (2) the claim must be one which relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). The plaintiff has the burden of proving the first two prongs. *Id.* at 1211-1212 (citation omitted). The burden then shifts to the defendant to "set forth a

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

compelling case that the exercise of jurisdiction would not be reasonable." *Id.* at 1212 (quotation omitted).

The first prong of the test for specific jurisdiction includes two distinct analyses: "purposeful direction" and "purposeful availment." *Zeigler v. Indian River City*, 64 F.3d 470, 473 (9th Cir. 1995). Where a plaintiff's claims are sound in tort, as here, courts employ the purposeful direction test. *Extended Stay America Inc.*, 2023 WL 5951390, at *4. For a defendant to satisfy the purposeful direction test, it "must have (1) committed an intentional tort, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.*

Here, Plaintiff makes fails to make any allegations connecting any of the Defendants' alleged conduct to the State of Washington. Based on the Amended Complaint, the alleged facts underlying Plaintiff's claims began and ended in Hawaii, and the Defendants' alleged conduct was not aimed at the current forum state of Washington. Courts regularly dismiss actions against hotel entities for failure of specific jurisdiction because the subject incident did not occur in the forum state, as is the case here. *See, e.g.*, *H.H. by Held v. Hyatt Hotels Corp.*, No. 23 CIV. 7083 (LLS), 2024 WL 3539537, at *3 (S.D.N.Y. July 25, 2024) (dismissing Hyatt and stating "courts have routinely dismissed foreign tort claims against Hyatt for lack of personal jurisdiction" and noting collective cases). Plaintiff fails to satisfy the pleading threshold to justify specific jurisdiction over

DEFENDANTS' MOTION TO DISMISS - 8
[CASE NO. 1:24-CV-03119-MKD]

72812969\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

any Defendant, and Plaintiff's claims should therefore be dismissed with prejudice.

## C.   Plaintiff's Amended Complaint Fails to State Viable Claims.

### 1.   Standard of Review for Dismissal for Failure to State a Claim.

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal on a motion to dismiss is appropriate where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

### 2.   Plaintiff's Sexual Harassment/Discrimination Claim Fails.

Plaintiff brings causes of action for sexual harassment and discrimination against all Defendants. Given that Plaintiff's claims arise entirely out of conduct that allegedly occurred in Hawaii, Hawaii state law applies. *See White v. Symetra Assigned Benefits Service Company*, 2022 WL 2983943, at *4 (W.D. Wash. 2022). Under Hawaii law, claims for sexual harassment and sex discrimination can only be brought by an employee against an employer. *See Oyamot v. Kawailoa Development, LLP*, 2019 WL 6353384, at *9 (Haw. Ct. App. 2019).

Hawaii law provides that, "'[i]t shall be an unlawful discriminatory practice … [b]ecause of … sex … [f]or any employer to refuse to hire or employ

DEFENDANTS' MOTION TO DISMISS - 9
[CASE NO. 1:24-CV-03119-MKD]

72812969\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

or to bar or discharge from employment, or otherwise discriminate against any individual in compensation or in the terms, conditions, or privileges of employment[.]'" *Nelson v. University of Hawaii*, 38 P.3d 95, 106 (Haw. 2001) (citing HRS § 378-2). Sexual harassment is a form of sex discrimination. There are generally two different forms of sexual harassment: "quid pro quo" and "hostile environment." *Nelson v. University of Hawaii*, 38 P.3d 95, 106 (Haw. 2001). Both types of sexual harassment require an employee-employer relationship. *Id.* (noting claims relate directly to the work environment).

Here, Plaintiff was not an employee of any Defendants and, correctly, does not allege so. Rather, Plaintiff was dining as a guest at the Andaz. Dkt. 18, Pl.'s Am. Compl. ¶ 1. Accordingly, Plaintiff does not and cannot plead the requisite employee-employer relationship to bring a claim of sexual harassment under Hawaii law. Even if he were an employee, he does not allege the requisite facts that would permit him to assert such a claim against the Defendants. Therefore, Plaintiff's sexual harassment and discrimination claims should be dismissed with prejudice.

### 3. Plaintiff's Title VII of the Civil Rights Act of 1964 Claim Fails.

Similarly, Plaintiff cannot state a claim for sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII") because, again, he is not an employee of any Defendant. Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color,

DEFENDANTS' MOTION TO DISMISS - 10
[CASE NO. 1:24-CV-03119-MKD]

72812969\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Plaintiff was and is not an employee of the Defendants and fails to allege any requisite facts that would permit him to bring a Title VII claim. *See Henry v. Adventist Health Castle Medical Center*, 363 F.Supp.3d 1128, 1133-34 (D. Haw. 2019). Accordingly, this claim should be dismissed with prejudice.

### 4.      **Plaintiff's Intentional Infliction of Emotional Distress Fails.**

Plaintiff's claim of intentional infliction of emotional distress ("IIED") should be dismissed. To state a claim for IIED, Plaintiff must show that: (1) that the conduct allegedly causing the harm was intentional or reckless; (2) that the conduct was outrageous; and (3) that the conduct caused (4) extreme emotional distress to another. *Hac v. Univ. of Hawaii*, 73 P.3d 46, 60-61 (Haw. 2003). The question of whether the actions of the alleged tortfeasor are outrageous is for the court in the first instance to decide. *Wong v. Panis*, 772 P.2d 695, 700 (Haw. Ct. App. 1989). Courts hold that the threshold for conduct to be considered "outrageous" is extremely high:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Ross v. Stouffer Hotel Co. Ltd., Inc.*, 879 P.2d 1037, 1048 (Haw. 1994).

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Respectfully, Plaintiff's allegation that an employee made various remarks to another individual—and not Plaintiff himself—regarding Plaintiff's sexual orientation does not meet the high bar required for outrageousness based on well-established case law. Federal case law confirms this. *See Starks v. TULA Life, Inc.*, 684 F.Supp.3d 941, 951 (D. Neb. 2023) (federal district court dismissing IIED claim where it was alleged that the defendant labeled the plaintiff as a racist and noting these amounted to inactionable "insults, indignities, threats, annoyances, petty oppressions, or other trivialities"); *Moore v. Lowe*, 591 F.Supp.3d 1087, 1118 (N.D. Ala. 2022) (federal district court granting defendant's motion to dismiss for failure to state a claim where the plaintiff alleged defendant's statements about his sexual relationships constituted IIED). Other cases within the Ninth Circuit demonstrate the degree of conduct necessary to sustain an IIED claim at the pleading stage, which Plaintiff cannot meet. *See, e.g.*, *King v. AC & R Advertising*, 65 F.3d 764, 769 (9th Cir. 1995) (noting age-related comments made by defendant, while offensive and perhaps discriminatory, were "not so egregiously outside realm of civilized conduct" to be considered outrageous); *Mandel v. Hafermann*, 503 F.Supp.3d 946, 983-85 (N.D. Cal. 2020) (granting motion to dismiss where statement that plaintiff stole hard drives was found to be insufficient to support claim for IIED); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL 1541868, at *8 (D. Haw. 2010); *Hollandsworth v. City and County of Honolulu*, 489 F.Supp.3d 1085, 1102 (D. Haw. 2020).

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Plaintiff cannot establish that the conduct of the employee who allegedly made statements about the Plaintiff *to a third-party* was sufficiently "outrageous," "atrocious," and "utterly intolerable" pursuant to legal precedent. The alleged statements central to Plaintiff's Amended Complaint are similar to those discussed in the aforementioned cases in that they concern labels and comments about Plaintiff. Further, Plaintiff fails to sufficiently allege any other necessary element to support his IIED claim, including that the conduct was intentional or reckless, or is causally related to extreme emotional distress. Accordingly, Plaintiff's claim for IIED should be dismissed with prejudice.

## 5. **Plaintiff Fails to Assert an Actionable Negligence Claim.**

Plaintiff's negligence claim must be dismissed because he fails to establish the mandatory elements. Pursuant to Hawaii law, negligence requires: (1) a duty owed; (2) a failure to conform to such duty; (3) reasonable close causal connection between the alleged conduct and the resulting injury; and (4) actual loss or damage. *Ono v. Applegate*, 612 P.2d 533, 538-39 (Haw. 1980). "A negligence action lies only where there is a duty owed by the defendant to the plaintiff." *Winfrey v. GGP Ala Moana LLC*, 308 P.3d 891, 900 (Haw. 2013) (citations omitted). The existence of a duty is a question of law. *Id.*

Plaintiff does not plead, and Defendants are unable to surmise, any plausible duty or breach of said duty. Am. Compl. at ¶10. Plaintiff's negligence claim totals two sentences and, in conclusory fashion, state that Defendants "were negligent in permitting an employee to destroy a business relationship

DEFENDANTS' MOTION TO DISMISS - 13
[CASE NO. 1:24-CV-03119-MKD]

72812969\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

based on the sexuality of the Plaintiff" and that "an employee made sexual statements . . . to the person . . . Plaintiff was meeting with in a restaurant at [the] Andaz." *Id.* Plaintiff simply states that "all Defendnts were negligent." *Id.* Such conclusory negligence claims are regularly dismissed as a matter of law. *Mansha Consulting LLC v. Alakai*, 236 F.Supp.3d 1267, 1277-78 (D. Haw. 2017) (granting motion to dismiss where plaintiff failed to plead defendant owed him any duty); *Dural v. City and County of Honolulu*, 658 F.Supp.3d 855, 876 (D. Haw. 2023) (dismissing negligence claim where plaintiff failed to provide sufficient allegations to support a cause of action for negligence); *Griffin v. Green Tree Servicing, LLC*, 166 F.Supp.3d 1030, 1053 (C.D. Cal. 2015) (granting motion to dismiss for plaintiff's failure to plead a duty of care owed to her). Plaintiff fails to sufficiently plead that Defendants owed him a duty, that any duty was breached, or that any alleged breached caused injuries. Accordingly, Plaintiff's claim should be dismissed with prejudice as it fails to plead the requisite elements and facts necessary for a negligence claim.

### 6. Plaintiff's Slander/Defamation Fails.

Under Hawaii law, slander and defamation are one in the same. *Wilson v. Freitas*, 214 P.3d 1110, 1118 (Haw. Ct. App. 2009). To sustain a defamation claim, a plaintiff must establish "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher (actual malice where the plaintiff is a public figure); and (d) either actionability of the statement irrespective of

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

special harm or the existence of special harm caused by the publication." *Id*. "The truth of the allegedly defamatory statement 'is a complete defense to an action for defamation.'" *Rodrigues v. County of Hawaii*, 2018 WL 6070336, at *14 (D. Haw. 2018) (quoting *Basilius v. Honolulu Pub Co.*, 711 F.Supp. 548, 551 (D. Haw. 1989)). In other words, to give rise to a cause of action for defamation, a statement must be alleged to be false.

Here, Plaintiff fails to plead the most basic requirement that the allegedly defamatory statement was false. The crux of Plaintiff's Amended Complaint is that an "Andaz employee defamed the Plaintiff by making various hateful remarks about the Plaintiff being gay." Dkt. 18, Pl.'s Am. Compl. ¶ 7. Nowhere in the Amended Complaint does Plaintiff claim the contents of the employee's alleged remarks were untrue. Accordingly, Plaintiff fails to plead the threshold requirement of defamation regarding a false statement. Moreover, Plaintiff also does not establish any of the remaining elements necessary to state a claim for defamation. This Court should therefore dismiss Plaintiff's defamation claim with prejudice. *See Rodrigues*, 2018 WL 6070336, at *14 (granting defendant's motion to dismiss plaintiff's defamation claim because the alleged defamatory statement was not untrue).

## D. The Amended Complaint Should be Dismissed for Improper Venue.

In the event that this Court finds that it has personal jurisdiction over Defendants, and that Plaintiff has stated plausible claims against Defendants, Plaintiff's Amended Complaint should still be dismissed in its entirety for being

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

brought in an improper venue under Fed. R. Civ. P. 12(b)(3).  Plaintiff bears the burden of establishing he has chosen the proper venue.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  He cannot.  A federal case may only be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  This action should be dismissed because it does not comply with the mandates of 28 U.S.C. § 1391(b).  *Hall v. L-3 Communications Corp.*, 170 F.Supp.3d 1316, 1320 (E.D. Wash. 2016) (dismissal under Fed. R. Civ. P. 12(b)(3) is appropriate when venue is wrong or improper).  First, neither Hyatt Corporation nor Christina Fry reside in Washington as required by 28 U.S.C. § 1391(b)(1).  Urbanski Decl. ¶ 5; Fry Decl. ¶¶ 5–6.  Second, none of the events giving rise to the allegations in the Amended Complaint occurred in Washington as required by 28 U.S.C. § 1391(b)(2).  *See generally* dkt. 18, Pl.'s Am. Compl.  Third, 28 U.S.C. § 1391(b)(3) is inapplicable because there is an alternative district (discussed below), and this Court lacks personal jurisdiction over Defendants.  As such, the Eastern District of Washington is an improper venue for the claims alleged against Defendants.  *See e.g., McGary v. Inslee*, 2023 WL 5822280, at *2 (W.D. Wash. 2023) (granting motion to dismiss for improper venue); *Marlowe v. Graham*, 2023 WL 4743908, at *1(W.D. Wash.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

2023) (same).  The Amended Complaint should therefore be dismissed with prejudice.

**E.  A More Convenient Forum is Available Necessitating Dismissal.**

**1.  Standard of Review on *Forum Non Conveniens.***

The doctrine of *forum non conveniens* grants a district court discretion to dismiss an action when an alternative forum is available to hear the plaintiff's claim and the plaintiff's chosen forum is oppressive and vexatious to the defendant.  *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1180 (9th Cir. 2006).  A party moving to dismiss on *forum non conveniens* grounds must demonstrate:  (1) the existence of an adequate alternative forum; and (2) that the balance of private and public factors favors dismissal.  *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991).  Here, there is an adequate alternative forum in Hawaii and the private and public factors overwhelmingly favor dismissal.  Courts examining private interests assess:

> (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses; (3) the possibility of viewing the premises, if appropriate; and (4) all other practical problems that make trial of the case easy, expeditious and inexpensive.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947).  Courts examining public interests assess:

> (1) administrative difficulties due to court congestion; (2) the local interest in having local controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the state law that governs the case; (4) the avoidance of unnecessary problems in conflict of laws or in the application of foreign law; and

DEFENDANTS' MOTION TO DISMISS - 17
[CASE NO. 1:24-CV-03119-MKD]

72812969\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

(5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id*. As described below, private and public interest factors weigh heavily in favor of dismissal.

### a) The District of Hawaii Provides the Appropriate Forum.

The threshold inquiry is whether this case could have been brought in the District of Hawaii. *E & J Gallo Winery v. F. & P. S.P.A.*, 899 F.Supp. 465, 466 (E.D. Cal. 1994). In this case, there is no question that the District of Hawaii is an adequate and alternative forum for Plaintiff's claims. It is undisputed that the cause of action arose entirely in Hawaii. Further, the District of Hawaii is equipped to handle Plaintiff's common law claims, which are governed by Hawaii state law.

### b) The Private Interest Factors Point to Hawaii.

Here, all private interest factors favor dismissal, including the location of evidence and witnesses, in addition to problems that would interfere with an expeditious trial. *Lockman*, 930 F.2d at 769. Because claims arise entirely from acts alleged to have occurred at the Andaz, the parties will need to conduct discovery directed at sources of proof located in Hawaii, not Washington. Moreover, *all* material witnesses, with the exception of Plaintiff, are located in Hawaii or elsewhere outside of Washington. There are no Andaz representatives located in Washington that can offer any substantive testimony regarding this matter. The cost, time, and burden to bring all of these material witnesses to Washington for trial would be overwhelming and unduly burdensome. Having

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

this matter adjudicated in Hawaii, where the alleged incident took place, would make a trial expeditious and inexpensive compared to having it tried in Washington. All private factors support dismissal of this action.

### c) The Public Interest Factors Weigh in Favor of Dismissal.

All public interest factors also overwhelmingly favor dismissal from this District. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). Local courts have an interest in resolving local controversies at home. *See Gulf Oil*, 330 U.S. at 509. This action arises out of an exclusively local controversy – an incident that occurred at a resort in Hawaii allegedly involving an employee working at the Andaz. Plaintiff's claims have no relationship with Washington. Moreover, the District of Hawaii is more familiar with the Hawaii state law that will be applied to this action. The imposition of jury service on citizens of a forum that has no connection to the acts giving rise to the litigation is a significant factor in a *forum non conveniens* analysis and weighs in favor of dismissal. *See Gulf Oil*, 330 U.S. at 508. The only connection to Washington is the fact that Plaintiff resides in the State – and nothing more. Washington jurors should not be burdened with applying Hawaii law and adjudicating a matter that occurred in Maui, Hawaii. This is especially true when jurors in Hawaii would have a reasonable nexus to the facts of this case. Because all private and public factors instruct that Hawaii is the appropriate forum for this matter, Plaintiff's Amended Complaint should be dismissed.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## V. CONCLUSION

Plaintiff's action fails for both procedural and substantive reasons. Plaintiff has filed suit against a trade name incapable of being sued. This Court does not have either general or personal jurisdiction over the Defendants. Plaintiff has failed to state sufficient facts and claims that would entitle him to any relief. Further, venue in this Court is improper as Plaintiff fails to satisfy 28 U.S.C. § 1391(b) and there is a more convenient forum available. For the reasons set forth above, Defendants respectfully request that the Court dismiss this action with prejudice.

DATED this 20th day of September, 2024.

COZEN O'CONNOR

By: /s/ *Karl Neumann*
Karl Neumann, WSBA No. 48078
kneumann@cozen.com

999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000

*Attorneys for Defendants Hyatt Corporation, Christina Fry, and Andaz Maui at Wailea Resort*

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date below, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties and counsel of record.

The undersigned further certifies that on the date below, the foregoing was served on the Plaintiff by 1) email, 2) regular U.S. mail, and 3) messenger delivery.

DATED this 20th day of September 2024.

By: _/s/ Karl Neumann_
Karl Neumann, WSBA No. 48078
kneumann@cozen.com

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

72812969\3