# EXHIBIT A

Evans v. Boston Red Sox (The) et al, 1:13CV13259 (2013)

TO ORDER COPIES OF ANY DOCUMENTS LISTED
BELOW, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**This docket is current through 11/06/2017**

Today's Date: 10/1/2024
Source: U.S. District Court, District of Massachusetts (Boston)

| | |
|---|---|
| **Court:** | U.S. District Court, District of Massachusetts (Boston) |
| **Case Title:** | Evans v. Boston Red Sox (The) et al |
| **Case:** | 1:13-CV-13259 |
| **Judge:** | Judge George A. OToole, Jr |
| **Date Filed:** | 12/23/2013 |
| **Other Dockets:** | Case in other court: Hawaii, 1:13-cv-00262 |
| **Date Closed/Terminated:** | 10/01/2014 |
| **Case Status:** | CLOSED |

**SYNOPSIS INFORMATION**

| | |
|---|---|
| **Allegations:** | Transferred in from the United States District Court for District of Hawaii, docketed as Case No. 1:13-cv-00262-SOM-BMK. Defendants wrongfully advertised the song and music video to plaintiff. |
| **Damages:** | $10 million. |
| **COMPLAINT (MANUALLY RETRIEVED)** | Original Image of this Document (PDF) |

**CASE INFORMATION**

| | |
|---|---|
| **Case Number:** | 1:13CV13259 |
| **Jury Demand:** | Plaintiff |
| **Demand:** | $9,999,000 |
| **Nature of Suit:** | Contract: Other Contract (190) |
| **Key Nature of Suit:** | Contracts; Other Contract (130.55) |
| **Jurisdiction:** | Diversity |
| **Cause:** | 28 USC 1332 Diversity-Breach of Contract |

**PARTICIPANT INFORMATION**

## Brian Evans

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | Brian Evans |
| **Status:** | PRO SE |
| **Attorney Address:** | 7345 S. Durango Drive B-107 #178 Las Vegas, NV 89148 |
| **Email Address:** | brianevanslv@yahoo.com |

## Boston Red Sox

| | |
|---|---|
| **Party Description:** | 4 Yawkey Way, Boston, MA 02215 |
| **Type:** | Defendant |

**6**

Evans v. Boston Red Sox (The) et al, 1:13CV13259 (2013)

court extends its sympathy to him over the loss of his mother and is making every allowance for his pro se status. However, the reconsideration standard has simply not been met. denying 138 Motion for Reconsideration. (JUDGE SUSAN OKI MOLLWAY) (tbf, ) CERTIFICATE OF SERVICE Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 10/18/2013)

| | | | | |
|---|---|---|---|---|
| 139 | 10/18/2013 | PROOF OF SERVICE re 138 - by Brian Evans. (emt, ) (Entered: 10/18/2013) | View | Add to request |
| 138 | 10/18/2013 | MOTION to Reconsider EO 136 and EO 137 , MOTION to File Supplemental Opposition - by Plaintiff Brian Evans. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Mailing Documentation)(emt, ) (Entered: 10/18/2013) | View | Add to request |
| 137 | 10/15/2013 | EO: On October 11, 2013, Plaintiff Brian Evans filed a motion seeking sanctions against Larry Rasky, perjury charges against him, and the striking of a motion to dismiss. See ECF No. 132. That motion is denied. Evans bases this motion on the Declaration of Lawrence B. Rasky in exhibit 2 of ECF No. 92. Rasky's Declaration was filed in support of a motion to dismiss for lack of personal jurisdiction filed not by Rasky as an individual, but by an entity called Rasky Baerlein Strategic Communication. Rasky is not himself a party to this lawsuit. Plaintiff claims that paragraph 4 of the Declaration, which states that the entity "has never had an office in Hawaii, owned any property in Hawaii, or transacted any business in Hawaii" is sanctionable because, according to an article in the Hawaii Free Press, the entity conducted lobbying activities related to a wind energy operation seeking to do business in Hawaii. Evans does not establish entitlement to sanctions or the striking of any filing. In the first place, the news | Send Runner to Court | |

WESTLAW  © 2024 Thomson Reuters. No claim to original U.S. Government Works.

7

| | | | |
|---|---|---|---|
| | | article is not admissible evidence. Even assuming it may be taken into account, it is irrelevant to the pending motion to dismiss for lack of personal jurisdiction. Even if a wind energy operation was seeking to do business in Hawaii, the alleged lobbying activities by Rasky Baerlein Strategic Communications, according to the article, appear to have occurred in Washington, D.C., not in Hawaii. In short, Evans presents no basis for sanctions or the striking of any document. As far as perjury, that is a criminal matter that a court may not initiate. A court adjudicates criminal matters; it does not initiate any criminal charge (except, occasionally, for contempt of court, which is not in issue here). Evans seeks to have the court act as a prosecutor.denying 132 Motion for Sanctions; denying 132 Motion to Strike. (JUDGE SUSAN OKI MOLLWAY)(tbf, ) CERTIFICATE OF SERVICE Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 10/15/2013) | |
| 136 | 10/15/2013 | EO: On October 11, 2013, Plaintiff Brian Evans filed a motion to file a supplement to his opposition to Defendant Rasky Baerlein Strategic Communications, Inc.s Motion to Dismiss for Lack of Personal Jurisdiction, as well as a supplement to his opposition to other Defendants' Motion To Dismiss Complaint. See ECF No. 133. Plaintiff requests leave to respond to reply memoranda that had not yet been filed as of the time he sought leave to respond. For that reason, Plaintiff cannot identify anything that needs responding to. Under these circumstances, Plaintiff's motion for leave to file a supplemental memorandum is denied. denying 133 Motion for Leave to File. (JUDGE SUSAN OKI MOLLWAY) | Send Runner to Court |

**8**