# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN EVANS, | ) | CIVIL NO. 13-00268 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING SECOND |
| | ) | AMENDED COMPLAINT, DENYING |
| vs. | ) | PLAINTIFF'S APPLICATION TO |
| | ) | PROCEED WITHOUT PREPAYING |
| THE GOVERNOR OF | ) | FEES OR COSTS AS MOOT, AND |
| MASSACHUSETTS, ET AL., | ) | DENYING PLAINTIFF'S MOTION |
| | ) | FOR RECONSIDERATION |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING SECOND AMENDED COMPLAINT, DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT, AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 1, 2013, Plaintiff Brian Evans filed a Motion for Reconsideration of this court's Order Dismissing Complaint and Denying Plaintiff's Application to Proceed without Prepaying Fees or Costs as Moot ("Order"). ECF No. 13. On July 3, 2013, Evans filed his First Amended Complaint along with his Application to Proceed In Forma Pauperis ("IFP"). On July 12, 2013, Evans filed his Second Amended Complaint and a corresponding IFP. ECF Nos. 19 and 20.

As the court stated in its Order, Evans must comply with the Federal Rules of Civil Procedure. ECF No. 13. Specifically, Evans must comply with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

**10**

accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"[O]nly a complaint that states a plausible claim for relief

survives a motion to dismiss."  Id.  To state a plausible claim,

a complaint must, at a minimum, "plead[] factual content that

allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  Id.

Evans's Second Amended Complaint asserts "corruption"

in the form of collusion "to prevent a full investigation" into

the death of Evans's mother, fraud, and intentional infliction of

emotional distress.  However, Evans has not included sufficient

factual allegations going to the claims.  The legal bases for his

claims remain unclear.  Even construing Evans's Second Amended

Complaint liberally, see Bernhardt v. Los Angeles County, 339

F.3d 920, 925 (9th Cir. 2003), the court cannot identify any

plausible ground for either of Evans's claims.  See Iqbal, 556

U.S. at 678 ("To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

The Second Amended Complaint names as Defendants the

following: Massachusetts Attorney General Martha Coakley,

Governor Deval Patrick, the City of Metheun, the Methuen Police

Department, Essex County District Attorney Jonathan Blodgett, the

Massachusetts Department of Health, and Essex County District

**11**

Attorney John Dawley.  The corruption and fraud claims appear to relate to officials' alleged receipt of political contributions in return for which they allegedly refused to conduct an investigation into Evans's mother's death.  It is not clear whether Evans is asserting that the Defendants violated a cognizable common law tort or statute.  His Second Amended Complaint prays for "statutory damages" and punitive damages, but no statute is identified.  Even if the court construes the damage claim as brought under 28 U.S.C. § 1983, the claim must be dismissed because: (1) with respect to the state officials sued in their official capacities and the state entities, § 1983 is inapplicable and immunity applies, see Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) ("An official sued in his official capacity has the same immunity as the state, and is entitled to eleventh amendment immunity."); and (2) with respect to all Defendants, no violation of federal law, a requirement under § 1983, see Kentucky v. Graham, 473 U.S. 159, 167 (1985) (explaining that a § 1983 claim must involve a deprivation of a federal right), is discernible from the pleadings.

Even if the court construes the claims as tort claims, they appear to be based on the assumption that Defendants were required by law to investigate Evans's mother's death.  But the source of this alleged requirement remains a mystery.  Further, while a complaint's allegations need not anticipate defenses,

**12**

certain defenses are apparent.  For example, district attorneys have immunity with respect to prosecutorial decisions.  <u>See</u> <u>Lacey v. Maricopa Cnty</u>.,693 F.3d 896, 912 (9th Cir. 2012).   And government officials performing discretionary functions have protection from suit with respect to the performance of such functions.  <u>See</u> <u>Anderson v. Creighton</u>, 483 U.S. 635, 638 (1987) (explaining that government officials performing discretionary functions enjoy qualified immunity).  Recognizing, of course, that Defendants would have the burden of establishing qualified immunity, not Evans, this court need not here rely on the existence of qualified immunity in making the present ruling.

A very basic problem with respect to some Defendants is that there are no allegations even suggesting that they knew about Evans's mother's death or Evans's request, or that for some reason they should have known.

Finally, because the emotional distress claim appears grounded in both the corruption and the fraud claims, it presents the same problems as those claims.

All iterations of Evans's pleading have raised serious questions about whether any Defendant has the constitutionally required minimum contacts with Hawaii to support the exercise of personal jurisdiction.  <u>See</u> <u>Bancraft & Masters, Inc. v. Augusta Nat'l Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000) (explaining that, while a defendant can be haled into court if the defendant has

**13**

"substantial" or "continuous and systematic" contacts with the jurisdiction, a court's personal jurisdiction over a defendant is limited by a defendant's right to due process).  As nothing in the Second Amended Complaint suggests any tie between Defendants and the District of Hawaii, it is hard to see how Evans could avoid dismissal for lack of personal jurisdiction.  See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) ("An action may be dismissed under [28 U.S.C.] section 1915(d) where the defense is complete and obvious from the face of the pleading or the court's own records.").

Evans has now had three opportunities to state a claim upon which relief can be granted.  The court warned Evans in its last Order, ECF No. 13, that any future amended complaint would be Evans's last opportunity to state the legal bases for his claims before terminating this action.  Id.  Because Evans's Second Amended Complaint fails to state a claim upon which relief may be granted and because further amendment appears futile, the court dismisses Evans's Second Amended Complaint, denies Evans's IFP application as moot, and terminates this action.

**14**

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 26, 2013.



  /s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

**Evans v. The Governor of Massachusetts, et al.;** Civil No. 13-00268 SOM/BMK; ORDER DISMISSING SECOND AMENDED COMPLAINT, DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT, AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION