# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN EVANS, | ) | CIVIL NO. 13-00315 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING SECOND |
| | ) | AMENDED COMPLAINT AND DENYING |
| vs. | ) | PLAINTIFF'S APPLICATION TO |
| | ) | PROCEED WITHOUT PREPAYING |
| TOWN OF HAMPTON, NEW | ) | FEES OR COSTS AS MOOT |
| HAMPSHIRE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING SECOND AMENDED COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT**

Currently before the court is Evans's Second Amended Complaint along with his application to proceed without prepayment of fees and costs (the "IFP"). ECF Nos. 23 and 24. Because Evans fails to state a claim upon which relief can be granted, this court dismisses Evans's Second Amended Complaint and denies his IFP as moot.

As the court stated in its Order Dismissing Complaint and Denying Plaintiff's Application to Proceed Without Prepaying Fees or Costs as Moot ("Order"), Evans must comply with the Federal Rules of Civil Procedure. ECF No. 17. Specifically, Evans must comply with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

**17**

Iqbal, 556 U.S. 662, 678 (2009).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Id.  To state a plausible claim, the complaint must, at a minimum, "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Evans's Second Amended Complaint asserts conspiracy to commit fraud and intentional infliction of emotional distress.  However, Evans has not included factual allegations going to the claims.  The legal bases for his claims remain unclear.  Even construing Evans's Second Amended Complaint liberally, see Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), the court cannot identify any plausible ground for either of Evans's claims.  See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

The claims against the individual Defendants appear to be based on actions they took as Selectmen of the Town of Hampton.  Evans appears to assume they are subject to suit for "colluding" to cast votes as elected officials, but the court is unaware of any law subjecting elected municipal officials to civil liability for "colluding" to vote in any particular way.

**18**

Certainly at the federal level, legislators are immune under the Speech and Debate Clause.  U.S. Const. Art. I, § 6, cl. 1.  <u>See also</u> <u>U.S. v. Helstoski</u>, 442 U.S. 477, 489 (1979) (explaining that the Speech and Debate Clause "protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts" (internal citations omitted)).

If the individuals are not liable for the alleged collusion, the Town of Hampton will be the sole Defendant, but it cannot be liable for having "colluded" with itself.

The emotional distress clause appears similarly grounded on votes taken by elected officials and so is similarly uncognizable.

In addition, the court cannot help noting that all iterations of Evans's pleading have raised serious questions about whether any Defendant has the constitutionally required minimum contacts with Hawaii to support the exercise of personal jurisdiction.  <u>See</u> <u>Bancraft & Masters, Inc. v. Augusta Nat'l Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000) (explaining that, while a defendant can be haled into court if the defendant has "substantial" or "continuous and systematic" contacts with the jurisdiction, a court's personal jurisdiction over a defendant is limited by a defendant's right to due process).

3

**19**

Evans has now had three opportunities to state a claim upon which relief can be granted.  The court warned Evans in its last Order, ECF No. 21, that any future amended complaint would be Evans's last opportunity to state the legal bases for his claims before terminating this action.  Id.  Because Evans's Second Amended Complaint fails to state a claim upon which relief may be granted and because further amendment appears futile, the court dismisses Evans's Second Amended Complaint, denies Evans's IFP application as moot, and terminates this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 25, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Evans v. Town of Hampton, New Hampshire, et al.; Civil No. 13-00315 SOM/BMK; ORDER DISMISSING SECOND AMENDED COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT

4

**20**