Karl Neumann, WSBA No. 48078
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000
Facsimile: 206.455.8235
kneumann@cozen.com

*Attorneys for Defendants*
*Hyatt Corporation, Christina Fry,*
*and Andaz Maui at Wailea Resort*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON AT YAKIMA

| | |
|---|---|
| BRIAN EVANS, a Washington resident,<br><br>Plaintiff,<br><br>v.<br><br>HYATT CORPORATION, a Foreign Corporation, CHRISTINA FRY, individually and in her official capacity as manager and/or employee of Andaz Maui at Wailea Resort and Spa, a Foreign individual, and ANDAZ MAUI AT WAILEA RESORT,<br><br>Defendants. | No. 1:24-cv-03119-SAB<br><br>**DEFENDANTS HYATT CORPORATION, CHRISTINA FRY, AND ANDAZ MAUI AT WAILEA RESORT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT** |

## I.    INTRODUCTION

Plaintiff Brian Evans ("Plaintiff") has filed a baseless motion seeking both a Default Judgment and Summary Judgment. First, as a threshold matter, the Court should deny Plaintiff's Motion as it fails to adhere to the Federal Rules of Civil Procedure and this Court's Local Civil Rules. Second, Plaintiff seeks a

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Default Judgment despite the fact that all Defendants—Hyatt Corporation, Christina Fry, and Andaz Maui at Wailea Resort (collectively, "Defendants")—have timely appeared in this action and issued a Motion to Dismiss in response to Plaintiff's Amended Complaint. There is simply no basis to issue a Default Judgment. Third, Plaintiff appears to seek summary judgment relief on the purported ground that a "perjured affidavit" was filed. The pleading Plaintiff takes issue with is a declaration by Fry that indicates she was not served *in Washington State*. Plaintiff appears to mistake this for a statement that she was not served at all, as Plaintiff references his declaration of service indicating service of papers in California. There is no "perjury." Further, to the extent Plaintiff "requests criminal charges," there is no private right of action for perjury in civil litigation and this Court is, respectfully, not authorized to issue said criminal charges. Lastly, because Plaintiff has a history of filing frivolous actions and/or pleadings—as a deterrent for future similar conduct and in the interest of judicial economy—Defendants have served Plaintiff with a Motion for Sanctions or Reasonable Fees and Costs, which will be filed should the instant Motion not be withdrawn.

## II.　FACTS

Plaintiff initiated this action by filing a Complaint on August 5, 2024.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Dkt. 1.  Plaintiff concurrently moved for the appointment of counsel, which the Court denied on August 20, 2024.  Dkt. 6.  Plaintiff's subsequent Motion for Reconsideration of this Court's Order denying the appointment of counsel was also denied.  Dkt. 10.

On September 5, 2024, Plaintiff filed his First Amended Complaint. Dkt. 16.  On September 10, 2024, Defendant Hyatt Corporation was served with the First Amended Complaint in the State of Illinois.  Dkt. 24.  On September 9, 2024, Defendant Christina Fry was served with the First Amended Complaint in West Hollywood, California.  Dkt. 23.[1]

On September 20, 2024, Defendants jointly moved to dismiss the First Amended Complaint for lack of personal jurisdiction, failure to state any claims upon which relief can be granted, and improper venue.  Dkt. 29.  That same day, Plaintiff filed his Opposition to Defendants' Motion to Dismiss in addition to his Motion for Summary Judgment and Motion for Default Judgment ("Plaintiff's Motion"), which are at issue here.  Dkt Nos. 33 and 34.

In both Plaintiff's Motion and his Opposition to Defendants' Motion to Dismiss, Plaintiff accuses Chrsitina Fry of perjury with respect to her sworn

---

[1] Defendant Andaz Maui at Wailea Resort is not a legal entity capable of being served.  *See* Dkt. 29, Defs.' Mot. to Dismiss, p. 3.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT - 3
[CASE NO. 1:24-CV-03119-SAB]

73126347\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

statement that she was not served in the State of Washington. Plaintiff's accusation is baseless and in fact is proven incorrect in the very documents Plaintiff cites to support his position. Indeed, the Affidavit of Service provided by Plaintiff confirms this, as it indicates service in West Hollywood, California. Dkt. 33, Ex. A, p.22. It remains correct that Christina Fry was not served in Washington. Despite this irrefutable fact, Plaintiff now frivolously moves for Summary Judgment and Default Judgment based on a true and accurate statement by Ms. Fry.

### III.     STATEMENT OF ISSUES

1.     As a threshold matter, should this Court deny Plaintiff's Motion for Default and Summary Judgment because Plaintiff fails to adhere to the pertinent Federal Rules of Civil Procedure and Local Civil Rules? Yes.

2.     Should this Court deny Plaintiff's Motion for Default where Plaintiff fails to adhere to the procedural requirements for default and there is no substantive basis to enter default against Defendants? Yes.

3.     Should this Court deny Plaintiff's Motion for Summary Judgment where Plaintiff fails to adhere to the pertinent procedural requirements and there is no substantive basis for the relief requested? Yes.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## IV. LEGAL AUTHORITIES AND ARGUMENT

### A. Plaintiff's Motion Violates the Federal and Local Court Civil Rules.

Plaintiff's Motion fails to satisfy the requirements regarding motions under the Federal and Local Rules. Local Civil Rule 7(e) provides that "failure to comply with the requirements of LCivR 7(b) or (c) may be deemed consent to the entry of an order adverse to the party who violates these rules." Local Civil Rule 7(b)(1) requires that all motions "set forth supporting factual assertions and legal authority." Likewise, Federal Rule of Civil Procedure 7 states motions must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B).

Here, Plaintiff's Motion is entirely devoid of facts or legal authority to support his requested relief. Instead, Plaintiff: (1) wrongly states that Christina Fry filed a perjured affidavit stating she was not served in Washington; (2) requests that criminal charges be made against her; and (3) requests that Default Judgment be entered, despite Defendants having responded to his First Amended Complaint. Plaintiff's Motion provides no facts, nor any legal basis for the relief he seeks. His Motion violates LCivR 7(b)(1) and FRCP 7(b)(1)(B), and warrants dismissal pursuant to LCivR 7(e). *See Berg v. CR Bard, Inc.*, No. 19-cv-3216-RMP, 2021 WL 6061755, at *2 (E.D. Wash. February 24, 2021) (denying motion under LCivR7(e) where plaintiff failed to file any reasoning

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT - 5
[CASE NO. 1:24-CV-03119-SAB]

73126347\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

supporting his motion); *Cascade Natural Gas Corp., v. Int'l Chemical Workers Union*, No. 16-cv-03163-SMJ, 2020 WL 13504720, at *7 (E.D. Wash. June 5, 2020) (collecting cases).

Plaintiff's Motion also violates LCivR 7(i). Initially, Plaintiff's Motion violates LCivR7(i)(1) because its caption does not contain the date, time, and place for the motion hearing. Moreover, Plaintiff incorrectly noted the hearing date for this Motion. LCivR7(i)(B) requires dispositive motions, such as Plaintiff's Motion, to be heard at least 50 days after the motion's filing. Here, Plaintiff notes the Motion to be heard on October 21, 2024, less than 50 days from the date of his filing on September 20, 2024. *See* Dkt. 34. Plaintiff's Motion is therefore procedurally defective under the Local Rules governing Motions and should be stricken or otherwise denied on this basis alone. *See Garey v. Anderson*, No. 22-cv-0069-TOR, 2023 WL 11065857, at *2 (E.D. Wa. March 22, 2023) (dismissing plaintiff's request for protective order because plaintiff failed to file the proper motion and note it for a hearing).

**B.** **Plaintiff's Motion for Default is Without Merit.**

Plaintiff's Motion fails to comply with the procedural and substantive requirements of Federal Rule of Civil Procedure 55 and Local Rule 55. Fed. R. Civ. P. 55 establishes that default judgment may be entered only where "a party

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT - 6 [CASE NO. 1:24-CV-03119-SAB]

73126347\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Local Rule 55 explains that obtaining a default judgment is a two-step process wherein "(1) a party must file a motion for entry of default and obtain a Clerk's Order for Default, and (2) a party must then file a motion for default judgment." Local Civil Rule 55(a)(1) requires the Clerk of Court to "enter the default of any party ... who has failed to plead or otherwise defend" only after written notice is provided to the party. LCivR 55(a)(1). This rule requires that the "notice shall be given at least 14 days prior to the filing of the motion for entry of default." LCivR 55(a)(2).

As an initial matter, Defendants timely responded to Plaintiff's First Amended Complaint. Christina Fry was served on September 9, 2024, and Hyatt Corporation was served on September 10, 2024. Dkt Nos. 23 and 24. Defendants jointly moved for dismissal of the Amended Complaint by filing their Motion to Dismiss, and accompanying documents, on September 20, 2024, well within the 21-day deadline. Fed. R. Civ. P. 12(a)(1)(A)(i). Dkt. Nos. 29-31. Therefore, Defendants are not a party against whom default judgment can be entered.

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Furthermore, Plaintiff has not taken any action required to complete even the first step of the process to move for the entry of a default against Defendants. Plaintiff, in violation of LCivR55(a)(1) did not provide notice to Defendants or their counsel prior to filing this Motion for Default Judgment. Plaintiff was required to provide at least 14 days' notice. This notice is absent from the record because it does not exist. Plaintiff is also in violation of LCivR 55(a)(2) because he fails to provide the requisite declaration or affidavit to move for an entry of default. Moreover, any declaration or affidavit that could be submitted would not meet the requirements of LCivR 55(a)(2) because Defendants timely defended against his First Amended Complaint and were not provided with the requisite notice that he was seeking entry of a default judgment against them. Clearly, Plaintiff's attempt to move for default judgment is procedurally flawed.

Equally as flawed is Plaintiff's factual basis for attempting to move for default judgment. He claims this Court should enter default because he believes that Christina Fry filed a "Perjured Affidavit." First, an allegedly "perjured affidavit" is not a basis for entering default judgment and Plaintiff provides no authority for his argument. Second, the statements in Ms. Fry's Affidavit are true, correct, and not "perjured." Ms. Fry attests that she was not served in Washington, and the Affidavit of Service submitted by Plaintiff confirms service

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

was made upon her in West Hollywood, California.  Plaintiff's request for default judgment is founded on patently false claims and lacks any legal support.  There is simply no basis for the entry of a default judgment against Defendants.

**C.** **Plaintiff's Motion for Summary Judgment Fails on Both Procedural and Substantive Grounds.**

Plaintiff's Motion for Summary Judgment is equally baseless and defective.  Under FRCP 56(a), a "[p]arty may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought."  A party's motion must be supported by undisputed material facts in the record.  Fed. R. Civ. P. 56(c).  Plaintiff's Motion violates Rule 56 as it fails to address any fact related to the claims made in his Amended Complaint.  Given Plaintiff presented no facts, his Plaintiff's Motion was also improperly filed under the Local Rules as he failed to separately file a "Statement of Material Facts Not in Dispute."  LCivR 56(c)(1)(A).

The only purported basis for the Motion for Summary Judgment is the alleged perjured affidavit, which has no merit as explained above.  First, this is not the first time Plaintiff has unsuccessfully attempted to assert claims of perjury.  *See, e.g.*, Dkt. 38, Neumann Decl. in Support of Reply, Ex. A ("As far as [Evan's alleged] perjury, that is a criminal matter that a court may not initiate.  A court adjudicates criminal matters; it does not initiate any criminal charge . . . .

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT - 9
[CASE NO. 1:24-CV-03119-SAB]

73126347\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Evans seeks to have the court act as a prosecutor."). Further, it should be noted that claims of perjury or subornation of perjury are not recognized causes of action under Washington law. It is well-established that such claims cannot be a basis for a civil lawsuit. *W.G. Platts v. Platts*, 73 Wn.2d 434, 440, 438 P.2d 867 (1968) (noting "from earliest times the giving of false testimony has not been treated as a wrong actionable in civil proceedings. . . . The general rule, in the absence of statute, is that no action lies to recover damages caused by perjury, false swearing, subornation of perjury, or an attempt to suborn perjury."); *Firey v. Lewis Cnty.*, 2017 WL 4224425, at *2 (W.D. Wash. Sept. 22, 2017) (holding perjury and subornation of perjury are "not [claims] that give[] rise to a private right of action for damages."); *Lyons v. Pac. Cnty. Clerk & Adm'r*, 2017 WL 5456779, at *2 (W.D. Wash. Nov. 14, 2017) (same).

Plaintiff's Motion for Summary Judgment is also premature, as there is a pending Motion to Dismiss Plaintiff's Amended Complaint and no discovery has occurred. No scheduling order for this matter has been issued. In summary, Plaintiff's Motion for Summary Judgment is procedurally and substantively defective and should be dismissed in its entirety.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

**D.** **Notice Regarding Intent to Seek Sanctions or Award of Reasonable Fees and Costs.**

Plaintiff is a serial pro se litigant with a history of filing actions that have been dismissed on various grounds. *See* Dkt. 37, Defs.' Reply to Mot. to Dismiss, pp. 9-10 (outlining numerous cases brought by Plaintiff Evans which were dismissed). Notably, Plaintiff has previously been sanctioned for varying tactics aimed at improperly harassing parties. In *Evans v. Amazon*, the Court sanctioned Plaintiff Evans $500 for forcing Defendants to respond to an improper motion. *See* Neumann Decl., Ex. A, Order on *Evans v. Amazon*, 2:05-00388cv-RLH-RJJ (D. Nev Jan. 10 2006). The Court referenced Plaintiff's press release relating to the litigation, failure to comply with local court rules, and various "attempts to harass." *Id*. The Court noted that Plaintiff's demands for payment and threats to take certain actions in the litigation (e.g., appeal) if Defendant did not pay him, ultimately "amount[ed] to attempts at extortion and is violative of the good faith he claims to have exercised." *Id*.

Here, similar to the above, Plaintiff has threatened to issue bar complaints against Defendants' attorneys in addition to a complaint against Ms. Fry with the US Attorney's Office. *See* Dkt. 36. Plaintiff has engaged in other harassing behavior, threatening press releases, demands for monetary payments and free hotel stays, all while indicating an intent to increase litigation costs. Neumann

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT - 11 [CASE NO. 1:24-CV-03119-SAB]

73126347\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Decl. ¶ 3 (noting Hyatt will have to "keep paying lawyers" and "I'm not going to stop"). These are the type of tactics which Plaintiff has already been sanctioned for. *Id.*, Ex. A.

Despite Plaintiff's history and prior warnings from other courts, Plaintiff remains undeterred. Defendants have accordingly served Plaintiff with a Motion for Sanctions or Reasonable Fees and Costs with this Opposition. Should Plaintiff's Motion not be withdrawn, Defendants will file its Motion for Sanctions. Among other grounds, a district court may impose Rule 11 sanctions if a paper is filed with the court for an improper purpose, or if the paper is frivolous. *See G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir.2003); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990). An "improper purpose" is a purpose to "harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1); *see also G.C. and K.B. Investments, Inc.*, 326 F.3d at 1110. A "frivolous" filing is one that is "both baseless and made without a reasonable and competent inquiry." *Townsend*, 929 F.2d at 1362.

Rule 11 provides in relevant part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions

1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee …

4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11.

Plaintiff's Motion for Summary Judgment is entirely unsupported by any facts relevant to the claims made in his First Amended Complaint. The only

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT - 13 [CASE NO. 1:24-CV-03119-SAB]

73126347\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

"fact" in Plaintiff's Motion is a false allegation that Defendants submitted a "Perjured Affidavit" by Christina Fry. Even a cursory review of the Affidavit of Service filed by Plaintiff confirms that Ms. Fry was served in California, consistent with her declaration. This is a transparent attempt to deceive the Court. The filing amounts to sanctionable conduct under Rule 11 as there is no evidentiary support for Plaintiff's claim – and in fact, Plaintiff provided documentation to the contrary. Moreover, Plaintiff filed this Motion just hours after Defendants filed their Motion to Dismiss. Plaintiff could not meet his Rule 11 obligation to reasonably investigate the defenses in Defendants' Motion prior to making such claims. Defendants should not be forced to incur fees and costs for responding to Plaintiff's frivolous motion. Courts in this Circuit have imposed Rule 11 sanctions against parties bringing similarly unfounded motions. *See Mossman v. Roadway Exp., Inc*., 789 F.2d 804, 806 (9th Cir. 1986) (upholding district court's imposition of sanctions against attorney who filed an unsupported summary judgment motion on behalf of his client in an employment discrimination claim); *Green v. Am. Com. Sec. Servs., Inc.*, No. C07-1837MJP, 2008 WL 1969649, at *5 (W.D. Wash. May 5, 2008) (imposing sanctions against a pro se plaintiff after he brought a baseless motion for summary judgment soon after he initiated his complaint).

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT - 14
[CASE NO. 1:24-CV-03119-SAB]

73126347\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

# V. CONCLUSION

Plaintiff has filed a Motion that is entirely without merit and intended to needlessly increase litigation costs and harass Defendants. Defendants have appeared in this Action by filing a Motion to Dismiss Plaintiff's Amended Complaint, and there is no basis for a default. Plaintiff's summary judgment request for criminal charges is likewise entirely without merit. Defendants have served Plaintiff a Motion for Sanctions or Reasonable Fees and Costs which will be filed should the instant Motion not be withdrawn.

DATED this 4th day of October, 2024.

COZEN O'CONNOR

By: /s/ *Karl Neumann*
Karl Neumann, WSBA No. 48078
kneumann@cozen.com

999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000

*Attorneys for Defendants Hyatt Corporation, Christina Fry, and Andaz Maui at Wailea Resort*

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date below, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties and counsel of record.

DATED this 4th day of October, 2024.

By: _/s/ Karl Neumann_
Karl Neumann, WSBA No. 48078
kneumann@cozen.com

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT - 16
[CASE NO. 1:24-CV-03119-SAB]

73126347\3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000