BRIAN EVANS
1250 FRUIT VALLEY LANE
WHITE SALMON, WASHINGTON 98672
(808) 276-4377
Email: croonermaui@gmail.com

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

**BRIAN EVANS,**

   *PLAINTIFF*

**VS.**

**HYATT CORPORATION,**

**CHRISTINA FRY, INDIVIDUALLY & IN OFFICIAL CAPACITY AS**

**MANAGER AND/OR EMPLOYEE OF ANDAZ MAUI AT WAILEA**

**RESORT AND SPA/HYATT CORPORATION,**

**ANDAZ MAUI AT WAILEA RESORT,**

**DOES 1-10**

   *DEFENDANTS*

       **Case No.: 1:24-cv-03119-MKD**

       **PLAINTIFFS MOTION TO**
       **WITDRAW PLAINTIFF'S MOTION**
       **FOR SUMMARY JUDGMENT AND**
       **FOR DEFAULT JUDGMENT**

Plaintiff, BRIAN EVANS, Motions this Court to Withdraw PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT. The Plaintiff does, however, wish to respond to the wild statements made by the Defendants in their Opposition.

## THE CO-DEFENDANT CHRISTINA FRY DID COMMIT PERJURY

The Defendants in this case make an argument that because this is a civil case that signing a Sworn Declaration before a Federal Court claiming to not have been served, when clearly she was, is not criminal. Why then is such language used in a Sworn Affidavit if it simply doesn't matter? The Co-Defendant Fry was served on September 11, 2024, and in her Sworn Affidavit before this Court, perjured herself not only in her initial Answer to the Complaint, but then again on October 4th, which Plaintiff addresses in his Motion to Strike the Declaration.

## PLAINTIFF IS NOT A SERIAL LITIGATOR

Apparently, because a Pro Se litigant doesn't have a law degree, it's okay for a law firm to litigate so long as they get paid by the hour. The Plaintiff is in the entertainment industry and was at one time the nominee for the United States Congress in 2018, and litigation has commenced that has absolutely nothing to do with this case. In those previous cases, several were settled out of court and then dismissed thereafter, so justice was done. Simply because the Plaintiff is Pro Se

should not weigh in on this Court's decision in this case, where the Defendants sexually harassed the Plaintiff among the other allegations made in the Complaint. Must we all have the funds to have an attorney or else be called a "serial litigator?"

## THE DEFENDANTS COMMITED PERJURY AS HAS BEEN DEMONSTRATED

It is without the ability to dispute that the Co-Defendant Fry, seemingly with no consequences if we are to take the word of the Defendant's counsel, committed perjury not once, but *twice* before this Honorable Court. If the Defendants Answer includes a perjured statement that this Court can confirm with the Process Server did indeed occur, then the Answer should be struck altogether and Default and Summary Judgment should be entered. What prevents the Defendants from committing perjury again in the future? What is the deterrent to such criminal actions as committing perjury to a law firm and the Defendants if their only defense is that it is a civil case? If the Plaintiff did the same, what would the Defendants counsel be asking of this Court? The Answer: The same as the Plaintiff is in this case. Their entire defense is none at all, merely jurisdictional which the Plaintiff contends holds no water as outlined in his Opposition to the Defendants Motion to Dismiss. The Defendants are asking this Court to be the trier of fact by the filing of their Motion to Dismiss. Federal courts, Congress, and federal

agencies rely upon truthful information in order to make informed decisions. Federal law therefore proscribes providing the federal courts, Congress, or federal agencies with false information. The prohibition takes four forms: false statements; perjury in judicial proceedings; perjury in other contexts; and subornation of perjury. Section 1001 of Title 18 of the United States Code, the general false statement statute, outlaws material false statements in matters within the jurisdiction of a federal agency or department. It reaches false statements in federal court and grand jury sessions as well as congressional hearings and administrative matters but not the statements of advocates or parties in court proceedings. Under Section 1001, a statement is a crime if it is false, regardless of whether it is made under oath. In contrast, an oath is the hallmark of the three perjury statutes in Title 18. The oldest, Section 1621, condemns presenting material false statements under oath in federal official proceedings. Section 1623 of the same title prohibits presenting material false statements under oath in federal court proceedings.

### **CONCLUSION**

While the Plaintiff withdraws the MOTION FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT as it may fail to have complied to local rules, the Plaintiff does reserve the right to re-file it as this case progresses. The Plaintiff, in

good faith, is therefore requesting to Withdraw this single Motion to avoid the latest threats by the Defendants.

Respectfully submitted,

/s/ Brian Evans

BRIAN EVANS

1250 Fruit Valley Lane

White Salmon, WA 98672

(808) 276-4377

October 4th, 2024

PLAINTIFFS MOTION TO WITDRAW PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT - 5

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date below, the foregoing was

filed with the Clerk of the Court using the CM/ECF system which will send

a notification of such filing to the parties and counsel of record.

The undersigned further certifies that on the date below, the foregoing was

served on the Plaintiff by email and regular U.S. mail.

DATED this 4th day of October 2024.

By: /s/ Brian Evans

Brian Evans

1250 Fruit Valley Ln.

White Salmon, WA 98672

belasvegas@yahoo.com